NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 26 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YOGNEY PEREIRA CAMACHO, | No. 20-72551 |
| Petitioner, | Agency No. A203-699-977 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 19, 2022[**]

Before:    SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

Yogney Pereira Camacho, a native and citizen of Cuba, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Pereira Camacho's testimony and documentary evidence as to the dates of incidents with the police and implausible testimony as to Pereira Camacho's ability to obtain a passport and depart Cuba without problem. *See Shrestha*, 590 F.3d at 1048 (adverse credibility determination reasonable under the "totality of the circumstances"); *see also Lalayan v. Garland*, 4 F.4th 822, 836 (9th Cir. 2021) (testimony that is implausible may support an adverse credibility finding); *Manes v. Sessions*, 875 F.3d 1261, 1264 (9th Cir. 2017) (agency properly relied on an inconsistency between the applicant's testimony and a letter he submitted in support of his claim). Pereira Camacho's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Substantial evidence also supports the agency's determination that Pereira Camacho did not present corroborative evidence that would otherwise establish his eligibility for relief. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (applicant's documentary evidence was insufficient to independently support claim). Thus, in the absence of credible testimony, in this case, Pereira Camacho's

20-72551

asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

In Pereira Camacho's opening brief, he does not challenge the BIA's dispositive determination that he waived his challenge to the IJ's denial of his CAT claim. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-1080 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

Pereira Camacho's contentions that the agency violated his right to due process or otherwise erred in its analysis of his claims fail as unsupported by the record.

**PETITION FOR REVIEW DENIED.**